UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
TIMOTHY J. SULLIVAN
UNITED STATES MAGISTRATE JUDGE

6500 Cherrywood Lane
Greenbelt, Maryland 20770
Telephone: (301) 344-3593

February 14, 2022

LETTER TO COUNSEL:

RE:   *Tameka P. v. Kilolo Kijakazi, Acting Commissioner of Social Security*
      Civil No. TJS-21-95

Dear Counsel:

On January 12, 2021, Plaintiff Tameka P. petitioned this Court to review the Social Security Administration's final decision to deny her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). ECF No. 1. The parties have filed cross-motions for summary judgment. ECF Nos. 13 & 17. These motions have been referred to the undersigned with the parties' consent pursuant to 28 U.S.C. § 636 and Local Rule 301.[1] Having considered the submissions of the parties, I find that no hearing is necessary. *See* Loc. R. 105.6. This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed the proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). Following its review, this Court may affirm, modify, or reverse the Commissioner, with or without a remand. *See* 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89 (1991). Under that standard, I will grant the Acting Commissioner's motion and deny the Plaintiff's motion. This letter explains my rationale.

Tameka P. protectively filed her applications for DIB and SSI on December 11, 2018. Tr. 17. She alleged a disability onset date of April 5, 2016. *Id.* Her applications were denied initially and upon reconsideration. *Id.* Tameka P. requested an administrative hearing, and a telephonic hearing was held on August 5, 2020, before an Administrative Law Judge ("ALJ"). Tr. 31-57. In a written decision dated August 31, 2020, the ALJ found that Tameka P. was not disabled under the Social Security Act. Tr. 14-30. The Appeals Council denied Tameka P.'s request for review, making the ALJ's decision the final, reviewable decision of the agency. Tr. 1-6.

The ALJ evaluated Tameka P.'s claims for benefits using the five-step sequential evaluation process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At step one, the ALJ found that Tameka P. had not engaged in substantial gainful activity since April 5, 2016, the alleged onset date. Tr. 19. At step two, the ALJ found that Tameka P. suffered from the following severe impairments: depressive disorder and substance abuse disorder. Tr. 20. At step three, the ALJ found Tameka P.'s impairments, separately and in combination, failed to meet or equal in severity any listed impairment as set forth in 20 C.F.R., Chapter III, Pt. 404, Subpart P, App. 1 ("Listings"). Tr. 20-21. The ALJ determined that Tameka P. retained the residual functional capacity ("RFC")

---

[1] This case was originally assigned to Judge Boardman. On June 30, 2021, it was reassigned to Judge Coulson. On January 31, 2022, it was reassigned to me.

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can perform simple, routine tasks. She can understand, remember and carry out simple instructions. She can make simple work related decisions. She can have occasional interaction with co-workers, supervisors and the general public.

Tr. 21.

At step four, the ALJ determined that Tameka P. was unable to perform past relevant work. Tr. 24-25. At step five, relying on testimony provided by a vocational expert ("VE"), and considering the claimant's age, education, work experience, and RFC, the ALJ determined that there are jobs that exist in significant numbers in the national economy that Tameka P. can perform, including automobile detailer, change house attendant, and window cleaner. Tr. 25-26. Accordingly, the ALJ found that Tameka P. was not disabled under the Social Security Act. Tr. 26.

Tameka P. argues that this case must be remanded for further proceedings because (1) the ALJ did not account for her moderate limitation in concentrating, persisting, or maintaining pace ("CPP") in the RFC assessment; (2) the ALJ did not explain how, despite her moderate limitation in CPP, she would be able to remain on task for 81% of an eight-hour workday; and (3) the ALJ did not properly evaluate her subjective complaints. ECF No. 13-1 at 3-10. For the reasons discussed below, however, these arguments are without merit.

Tameka P. first argues that the ALJ's RFC determination does not account for her moderate limitation in CPP, and thus runs afoul of the Fourth Circuit's decision in *Mascio*, 780 F.3d at 638. ECF No. 13-1 at 5-6. In *Mascio*, the Fourth Circuit held that "an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the [claimant] to simple, routine tasks or unskilled work.'" 780 F.3d at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)). This is because "the ability to perform simple tasks differs from the ability to stay on task." *Id.* When an ALJ finds that a claimant has limitations in concentration, persistence, or pace, the ALJ is required to incorporate these limitations into the claimant's RFC or explain why they do not "translate into [such] a limitation." *Id.* The Fourth Circuit, however, "did not impose a categorical rule that requires an ALJ to always include moderate limitations in concentration, persistence, or pace as a specific limitation in the RFC." *Shinaberry v. Saul*, 952 F.3d 113, 121 (4th Cir. 2020). Rather, when "medical evidence demonstrates that a claimant can engage in simple, routine tasks or unskilled work despite limitations in concentration, persistence, and pace, courts have concluded that limiting the hypothetical to include only unskilled work sufficiently accounts for such limitations." *Id.* (quoting *Winschel*, 631 F.3d at 1180).

As part of the step three analysis, the ALJ found that Tameka P. had a moderate limitation in CPP. Tr. 21. In making this finding, the ALJ noted that Tameka P. on examination "complained of racing thoughts" but that she "was able to perform serial seven's well, follow a three step command, and attended to tasks normally." *Id.* "Mental status examinations also showed normal attention and normal thought process." *Id.* The ALJ also discussed Tameka P.'s ability to concentrate, persist, or maintain pace later in her decision, noting the August 2019 opinion of

2

Howard S. Leizer, Ph.D., the state agency psychological consultant at the reconsideration level who opined that Tameka P. had a moderate limitation in CPP but was "able to sustain simple tasks, work without special supervision and make simple work related decisions independent[ly] of others." Tr. 23, 98, 100, 110, 112. Dr. Leizer ultimately opined that, "[o]verall, evidence suggests that despite ongoing symptoms [Tameka P.] was able to perform simple-routine work with limited social interaction." Tr. 101, 113. The ALJ found Dr. Leizer's opinion to be "generally persuasive" because it was "consistent with the record" and "consistent with [Tameka P.'s] symptoms of depression and history of alcohol and family related stressors, which would affect her ability to complete complex tasks and concentrate" (Tr. 23). *See* 20 C.F.R. §§ 404.1520c, 416.920c.

The ALJ found that the RFC assessment was supported by Tameka P.'s "symptoms of depression and history of substance abuse with multiple DWIs." Tr. 24. "Accordingly, to accommodate [Tameka P.'s] depression and history of alcohol abuse, the [RFC] limits her to simple, routine tasks; understanding, remembering and carrying out simple instructions; simple work related decisions; and occasional interaction with co-workers, supervisors and the general public." *Id.* "This is consistent with the opinion of . . . the State agency psychological consultant at the reconsideration level who opined [Tameka P.] could perform simple routine work with limited social interaction." *Id.* The ALJ thus "explain[ed] how substantial evidence supports [her] conclusion as to [Tameka P.'s] CPP abilities in a work setting." *Terri S. v. Saul*, Civil No. DLB-19-3607, 2021 WL 168456, at *2 (D. Md. Jan. 19, 2021) (Boardman, J.), *reconsideration denied sub nom. Terri S. v. Kijakazi*, No. DLB-19-3607, 2021 WL 5395960 (D. Md. Nov. 18, 2021); *see Shinaberry*, 952 F.3d at 121 (holding that ALJ's finding that limited claimant with moderate limitations in concentration, persistence, and pace to performing "simple, routine, and repetitive tasks" accounted for claimant's mental limitations where ALJ "discussed in detail the psychological evaluations performed by the SSA psychological consultants" and other evidence); *Sizemore v. Berryhill*, 878 F.3d 72, 80-81 (4th Cir. 2017) (rejecting argument that remand was required under *Mascio* because ALJ failed to specifically account for claimant's moderate difficulties with regard to concentration, persistence and pace, because more detailed medical findings provided substantial support for RFC limitations).

The Fourth Circuit's reasoning in *Sizemore* "did not depend upon whether the ALJ 'adopted' a particular medical source opinion in whole or in part." *Terri S.*, 2021 WL 168456, at *3. Rather, the Fourth Circuit in *Sizemore* was concerned with whether substantial evidence supported the ALJ's RFC determination. *Id.*; *see Sizemore*, 878 F.3d at 80-81. "The ALJ's discussion of Dr. [Leizer's] opinion with respect to [Tameka P.'s] work capabilities and her mental limitations makes clear the ALJ relied on substantial evidence in finding that [her] moderate CPP limitation did not require other RFC limitations." *Terri S.*, 2021 WL 168456, at *4 (citing *Sizemore*, 878 F.3d at 81). Because the ALJ applied correct legal standards and made findings supported by substantial evidence, Tameka P.'s argument that remand is warranted under *Mascio* is without merit.

Tameka P. further contends that the ALJ erred in both finding the state agency consultants' opinions generally persuasive and omitting certain limitations therein (ECF 13-1 at 6), but the Fourth Circuit rejected this reasoning in *Sizemore*. *Kenneth L. v. Kijakazi*, Civil No. SAG-20-624, 2021 WL 4198408, at *3 (D. Md. Sept. 15, 2021) (Gallagher, J.).

> In *Sizemore*, the ALJ heavily weighed two medical opinions in which the physicians opined that the plaintiff was moderately limited in several sub-categories considered when evaluating a claimant's concentration, persistence, or pace limitations. The physicians each explained that the plaintiff was nonetheless able to persist while working on simple tasks. The Fourth Circuit thus rejected the plaintiff's argument that the ALJ erred in failing to include all the moderate limitations in the RFC determination because the physicians explained the moderate limitation could be accommodated by a limitation to simple tasks and the ALJ included that limitation in the RFC determination. Plaintiff's argument in this case thus mirrors the argument that the Fourth Circuit has already rejected.

*Id.* (citations omitted); *see Sizemore*, 878 F.3d at 80-81. Remand is thus not warranted on this ground as well.

Tameka P. next maintains that the ALJ failed to explain how, despite her moderate limitation in CPP, she would be productive or remain on task for 81% of an eight-workday. ECF 13-1 at 6-8. The ALJ asked the VE to assume an individual who would be, among other things, "off-task in excess of 20 percent of the time due to loss of concentration, absences and the need for constant supervision re directions and support in the workplace." Tr. 55. The VE testified that "employers will accept between 10 up to but not including 20 percent off-task daily." Tr. 56. The ALJ, however, did not ultimately include such a limitation in Tameka P.'s RFC. Thus, Tameka P.'s "argument is factually flawed—the ALJ did not find that [she] would be off task for [twenty] percent or more during an eight-hour workday." *Brian S. v. Saul*, No. 3:20CV065 (JAG), 2021 WL 748087, at *13 (E.D. Va. Feb. 10, 2021), *report and recommendation adopted*, No. 3:20CV65, 2021 WL 744149 (E.D. Va. Feb. 25, 2021). "Indeed, the 'ALJ is not required to accept the vocational expert's opinion for a hypothetical based on limitations that the ALJ did not include in the [residual functional capacity].'" *Id.* (alteration in original) (quoting *Prim v. Colvin*, No. 7:14CV00135, 2015 WL 4757104, at *4 (W.D. Va. Aug. 11, 2015)); *see Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989). Instead, the ALJ found that, despite Tameka P.'s moderate limitation in CPP, she retained the ability to perform simple, routine tasks (Tr. 21, 24). *See Shinaberry*, 952 F.3d at 121; *Sizemore*, 878 F.3d at 80-81. "Accordingly, the ALJ did not err by failing to explain how [Tameka P.] possessed the ability to concentrate, persist, and maintain pace throughout an eight-hour workday with only a [nineteen] percent loss of productivity, because the ALJ did not make such a finding." *Brian S.*, 2021 WL 748087, at *13.

Last, Tameka P. argues that the ALJ did not properly evaluate her subjective complaints. ECF No. 13-1 at 8-10. In determining a claimant's RFC, the ALJ must evaluate the claimant's subjective symptoms using a two-part test. *Lewis v. Berryhill*, 858 F.3d 858, 866 (4th Cir. 2017); 20 C.F.R. §§ 404.1529(a), 416.929(a). First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the alleged symptoms. 20 C.F.R. §§ 404.1529(b), 416.929(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. *Id.* §§ 404.1529(c), 416.929(c). At this second stage, the ALJ must consider all available evidence, including medical history, objective medical evidence, and statements by the claimant. *Id.* To evaluate a claimant's statements, ALJs must "consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the

4

individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016). "ALJs may not rely on objective medical evidence (or the lack thereof)—even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 97 (4th Cir. 2020). In other cases, the ALJ may consider that objective evidence, or lack thereof, in conjunction with other evidence. 20 C.F.R. §§ 404.1529(c), 416.929(c). In any case, the ALJ may not rely solely on the lack of objective medical evidence to discredit a claimant's subjective statements. *Id.* Claimants are entitled to rely exclusively on subjective evidence to prove the degree to which their symptoms affect their ability to work at the second step of the analysis. *Arakas*, 983 F.3d at 95-97.

The ALJ's written decision presents a detailed statement of Tameka P.'s subjective complaints. The ALJ first found that Tameka P.'s severe impairments could reasonably be expected to produce her alleged symptoms. Tr. 22. The ALJ then proceeded to consider Tameka P.'s allegations in concert with the other evidence in the record, including Tameka P.'s statements about her symptoms over time, the extent of her daily activities, and the objective evidence in the record. Tr. 22-24. In considering the totality of the evidence, the ALJ explained her finding that Tameka P.'s statements about the severity of her symptoms could not be completely reconciled with other persuasive evidence. Weighing all of the evidence, the ALJ found that Tameka P.'s impairments are not disabling and that she can perform work with the limitations contained in the RFC. In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam). Substantial evidence supports the ALJ's evaluation of Tameka P.'s subjective complaints. *See id.* at 658; *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986) (per curiam).

In short, the Court's review is confined to whether substantial evidence supports the ALJ's decision and whether the correct legal standards were applied. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Court is not permitted to reweigh the evidence, even if the Court believes the ALJ could have reached a different conclusion. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ's decision complies with the governing legal standards and is supported by substantial evidence. The Court thus affirms the Acting Commissioner's final decision.

For the reasons set forth above, Tameka P.'s Motion for Summary Judgment (ECF No. 13) will be **DENIED**, and the Acting Commissioner's Motion for Summary Judgment (ECF No. 17) will be **GRANTED**. The Clerk is directed to **CLOSE** this case. Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Timothy J. Sullivan
United States Magistrate Judge